*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-340

MARCH TERM, 2011

| | | |
|---|---|---|
| Lee R. Chapman, Sr. | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Civil Division |
| | } | |
| Robert Spaulding Enterprises, Inc., | } | DOCKET NO. 724-10-09 Rdcv |
| Robert Spaulding and Lori Lea Spaulding | } | |

Trial Judge: William Cohen

In the above-entitled cause, the Clerk will enter:

Lori Lea Spaulding appeals from the trial court's order granting summary judgment to plaintiff in this workers' compensation collection action. She argues that she should not be held personally liable for the debt owed to plaintiff because her association with the employer-corporation was minimal. We affirm.

Plaintiff was employed by Robert Spaulding Enterprises, Inc., a Vermont corporation. Robert and Lori Spaulding are officers of the corporation: Robert is president; Lori is vice-president and secretary. Lori also owns fifty percent of the stock in the corporation. It is undisputed that in June 2005, plaintiff suffered a work-related injury. Employer did not have workers' compensation insurance. The Department of Labor has determined that plaintiff is owed over $23,000 in workers' compensation benefits, including interest and penalties. Plaintiff filed an action to collect this debt from Robert and Lori, personally, pursuant to 21 V.S.A. § 687(b)(1). That statute provides that when a corporate employer fails to secure workers' compensation insurance as required under 21 V.S.A. § 687, then "the officers and majority stockholders of the corporation shall be personally liable for any benefits owed to the injured employee under this chapter." Id. § 687(b)(1).

Lori argued that, although she was a corporate officer, she should not be held personally liable for the workers' compensation debt because she did not control any aspect of the business in which the corporation was engaged. She asked the court to adopt a "three-part inquiry" set forth in Rock v. Dep't of Taxes, 170 Vt. 1, 11 (1999), to determine if she should be held personally liable. The court found this case inapposite as it addressed a wholly different statute—one that applied only to those particular corporate officers who had a duty to withhold and transmit taxes. The workers' compensation statute, by contrast, did not limit liability only to those officers who had a duty to secure workers' compensation; it expressly applied to all corporate officers. The court thus concluded that, as an officer of the corporation during the

period in issue, Lori was personally liable for the workers' compensation benefits owed to plaintiff under 21 V.S.A. § 687(b)(1). This appeal followed.

On appeal, Lori reiterates her position that the statute should be construed to impose liability only on those corporate officers who actually participate in the running of the corporation. She maintains that the statutory language is ambiguous. Specifically, she suggests that by referring to "officers and majority shareholders," the Legislature intended to make liable only those shareholders who chose to direct the corporation through a significant financial commitment.

We reject appellant's interpretation of § 687(b)(1), and her assertion that this provision is ambiguous. In interpreting a statute, we presume that the Legislature intended the plain, ordinary meaning of the language used. Burlington Elec. Dep't v. Vt. Dep't of Taxes, 154 Vt. 332, 335 (1990). When statutory language is clear and unambiguous, we must enforce the statute according to its terms. State v. Eldredge, 2006 VT 80, ¶ 7, 180 Vt. 278. In this case, the Legislature left no doubt as to who should be held liable for an employee's on-the-job injuries when a corporation fails to purchase workers' compensation insurance. It expressly stated that under such circumstances, "the officers and majority stockholders of the corporation shall be personally liable for any benefits owed to the injured employee under this chapter." 21 V.S.A. § 687(b)(1). There is no room for any other interpretation, and no need to look to the three-part test set forth in Rock as a "roadmap" in assessing liability. Because Lori is an officer of the corporation, the trial court properly concluded that she was personally liable to plaintiff as a matter of law.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice